Nov. Term, 1835.

DEMAR
v.
SIMONSON.

*Wednesday,*
*December 9.*

---

DEMAR *v.* SIMONSON.

The overseers of the poor are not authorised to bind out poor children as apprentices, unless their parents are dead or are unable to support them.

If the indenture of the overseers show that it was executed in a case not warranted by the statute, it is void; and parol evidence is inadmissible in such case to show, that the indenture was executed on a different ground from that which the indenture itself describes.

Whether when the indenture does not state the ground upon which the overseers acted, parol evidence be not admissible to show that the case is within the statute,—*quære*.

*Monday,*
*December 14.*

APPEAL from the *Clark* Circuit Court.

M'KINNEY, J.—To a writ of *habeas corpus* issued on the petition of *Vickey Demar*, a woman of colour, claiming the custody of her son *Charles Demar*, of the age of 10 years and

six months, charged to be illegally detained by *John S. Simon-son*, the defendant made the following return:—"In pursuance of the within command, I am ready to produce the within named coloured boy *Charles Lindsey*, alias *Charles Demar*, and state as the cause of his caption and detention by me, that he is my apprentice bound to me by his own consent, and now living with me by his own consent, by an indenture of the overseers of the poor for the township of *Charlestown*, dated, &c., within which township said boy was living at the date of said indenture, and had been so living long before; and I herewith produce a certified copy of the said indenture." The case was submitted to the Circuit Court, and it having heard the testimony, remanded the boy to the custody of *Simonson*. To reverse that judgment this appeal is prosecuted.

The case presents the single question,—Is the indenture of apprenticeship, executed by the overseers of the poor, legal and valid? If upon examination, it should appear that the over-seers of the poor exercised such an authority as is conferred upon them by the statute, *Simonson's* custody of the boy must be sustained; but if, on the contrary, it should manifestly appear that they acted without the authority and sanction of law, the opposite conclusion is inevitable. The 7th sec. of the act for the relief of the poor, R. C. 1831, p. 381, authorises overseers of the poor to " put out as apprentices all poor children, whose parents are dead, or whose parents shall be found by the said overseers unable to maintain them," &c. There are thus pre-sented two grounds upon which the overseers can act. 1. On the death of the parents of poor children; 2. On their inability to maintain them. When either of these exists, the authority of the overseers of the poor may be exercised (1).

The indenture of apprenticeship they executed, is made a part of the return, and it may determine the question before us. It shows that the overseers "bind out at his own request a coloured boy known by the name of *Charles Lindsey*, who has been for a few months past in the care of one *B. Grinton* a man of colour, and that he the said *Grinton* having informed the said overseers that he meant to remove from the county and state aforesaid, and is unwilling to maintain and keep said coloured boy, wishes said overseers of the poor to bind him out or deal with him as their discretion may best dictate." By this authority alone, it seems the overseers of the poor bound

the boy to *Simonson.* That the indenture is illegal and void, there can be no doubt. Neither the consent of the boy, nor the wish of *Grinton,* who does not appear to have any legal control over him, could furnish a legal ground of action to the overseers which is not afforded by the statute. They were limited in the exercise of the power to bind out poor children, to the two classes of cases prescribed by the statute, and their authority beyond those cases could not be extended.

The counsel for the appellee would repel this conclusion, and asks us to indulge the presumption, in the absence of testimony on the record, that defects, if found in the indenture, were supplied in the Circuit Court. This cannot be done. On the face of the indenture itself, the overseers of the poor show a case not within the statute, and assume that case as the ground of their execution of the instrument. We should have to presume *ad libitum,* to presume that the Circuit Court admitted such illegal testimony.

Whether in the absence in the indenture of the ground upon which the overseers acted, parol evidence could be adduced to show that they acted in a case warranted by the statute, is another and different question upon which we are not called upon for an opinion.

It is very clear that the Circuit Court erred in the judgment it rendered in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Thompson,* for the appellant.
*C. Dewey,* for the appellee.

(1) Accord. Rev. Stat. 1838, p. 431.